UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THYSSENKRUPP ELEVATOR CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) )  CIVIL ACTION NO. 2:13-cv-3862 |
| THE RIGGS CORPORATION, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, ThyssenKrupp Elevator Corporation ("TKE"), by its attorneys, for its Complaint against Defendant, the Riggs Corporation ("Riggs"), alleges the following:

## PARTIES

1. TKE is a Delaware corporation engaged in the business of elevator construction, installation and maintenance and at all times relevant to this Complaint, was doing business in the Southern District of West Virginia. TKE's principal place of business is and has been located outside of West Virginia at all times relevant to this Complaint.

2. Riggs is a corporation organized under the laws of West Virginia engaged in commercial real estate leasing services.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this case pursuant to 28 USC § 1332. The amount in controversy exceeds $75,000 exclusive of interest and costs. TKE is a Delaware corporation with its principal place of business outside West Virginia, and Riggs is a West Virginia corporation.

4. Venue is proper in this district in that the underlying contracts were formed and performed in this district and in accordance with 28 USC §1391(b)(1), (2), (c)(2) and (d) as the facts giving rise to this lawsuit occurred predominantly in this district and at all times relevant to this action, Riggs was subject to personal jurisdiction in this district.

5. This lawsuit is based on six (6) separate elevator maintenance contracts on six separate commercial properties and one repair invoice. TKE seeks to recover the sum of $71,173.68 in unpaid invoices issued for elevator maintenance services. In addition, TKE seeks to recover lost profits totaling $162,454.43 for total damages of $233,628.11, exclusive of costs, attorneys' fees and contractual interest.

### COUNT I – BREACH OF CONTRACT
### (The Prichard Building Agreement)

6. TKE repeats and realleges paragraphs 1-5 above as though set forth fully here.

7. In October, 2007, TKE and Riggs entered into a Gold Maintenance Agreement ("Prichard Agreement") for elevator maintenance services at the Prichard building, Charleston, WV (the "Prichard Building"). *See Prichard Agreement; Ex. A.*

8. Pursuant to the Prichard Agreement, TKE promised to perform periodic elevator maintenance on one elevator located at the Building in exchange for Riggs paying $175 per month subject to annual price adjustment. *Id.*, p. 4.

9. The Prichard Agreement's term was ten years commencing October 1, 2007 and expiring October 1, 2017 and provided for automatic ten-year renewal periods subject to 90 days written notice of termination. *Id.*

10. The Prichard Agreement provides that invoices submitted by TKE shall be paid within sixty (60) days, accelerate payments through the end of the term, recover interest at the rate of 1.5% per month on overdue invoices and recover its attorneys fees and costs incurred in enforcing its rights under the Agreement. *Id., p. 4.*

11. TKE performed elevator maintenance on the Prichard Building elevator from the inception through July, 2011. TKE ceased performing elevator maintenance after Riggs failed to pay TKE's invoices from January, 2011 – July, 2011. *See Prichard Invoices; Grp. Ex. B.*

12. Invoices were due when rendered. Riggs breached the Prichard Agreement by failing to pay TKE's invoices from January 2011 – July 2011.

13. As a consequence of Riggs' breach, TKE has sustained damages of $1,369.97. *See Grp. Ex. B.*

14. In addition, TKE's lost profits through the October 1, 2017 contract expiration date total $5,792.72 based on TKE's 40% profit rate for similar contracts.

WHEREFORE, Plaintiff, TKE requests judgment in its favor and against Defendant, Riggs, for $7,162.69 plus costs and attorneys' fees and interest at the annual rate of 18% or the maximum percentage rate allowed by applicable state law measured from February 1, 2011 – present.

**COUNT II – QUANTUM MERUIT**
**(Prichard Building – Alternative to Count I)**

15. TKE repeats and realleges paragraphs 1-14 above as though fully set forth here.

16. TKE performed elevator maintenance services on the Prichard Building – Charleston, WV from October, 2007 through July, 2011.

17. TKE performed elevator maintenance services for Riggs' (the building's owner) benefit under circumstances in which TKE should be compensated.

18. Riggs accepted and benefitted from TKE's elevator maintenance services.

19. TKE performed several months worth of elevator maintenance on the Prichard Building and has not been paid.

20. The reasonable value of TKE's services on the Prichard Building total $1,369.97.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $1,369.97 plus costs.

## COUNT III – BREACH OF CONTRACT
### (The Geary Plaza Contract)

21. TKE repeats and realleges paragraphs 1-20 above as though fully set forth here.

22. In October, 2007, TKE and Riggs entered into a Gold Maintenance Agreement ("Geary Plaza Agreement) for elevator maintenance services at the Geary Plaza building, Charleston, WV (the "Geary Plaza Building"). *See Geary Plaza Agreement; Ex. C.*

23. Pursuant to the Geary Plaza Agreement, TKE promised to perform periodic elevator maintenance on two elevators located at the Building in exchange for Riggs paying $350 per month subject to annual price adjustment. *Id.*, p. 4.

24. The Geary Plaza Agreement's was ten years commencing October 1, 2007 and expiring October 1, 2017 and provided for automatic ten-year renewal periods subject to 90 days written notice of termination. *Id.*

25. The Geary Plaza Agreement provides that invoices submitted by TKE shall be paid within sixty (60) days, accelerate payments through the end of the term, recover interest at the rate of 1.5% per month on overdue invoices and recover its attorneys fees and costs incurred in enforcing its rights under the Agreement. *Id.,* p. 4.

26. TKE performed elevator maintenance on the Geary Plaza Building elevator from the inception through October, 2011. TKE ceased performing elevator maintenance after Riggs failed to pay TKE's invoices from January, 2011 – July, 2011. *See Geary Invoices; Grp. Ex. D.*

27. Invoices were due when rendered. Riggs breached the Geary Plaza Agreement by failing to pay TKE's invoices from January 2011 – July 2011.

28. As a consequence of Riggs' breach, TKE has sustained damages of $3,935.62. *See Grp. Ex. D.*

29. In addition, TKE's lost profits through the October 1, 2017 contract expiration date total $11,727.07 based on TKE's 40% profit rate for similar contracts.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $15,662.69 plus costs and attorneys' fees and interest at the annual rate of 18% or the maximum percentage rate allowed by applicable state law from February 1, 2011-present.

**COUNT IV – QUANTUM MERUIT**
**(Geary Plaza Building – Alternative to Count III)**

30. TKE repeats and realleges paragraphs 1-29 above as though fully set forth herein.

31. TKE performed elevator maintenance services on the Geary Plaza Building – Charleston, WV from October, 2007 through October, 2011.

283386.2

5

32. TKE performed elevator maintenance services for Riggs' (the building's owner) benefit under circumstances in which TKE should be compensated.

33. Riggs accepted and benefitted from TKE's elevator maintenance services.

34. TKE performed several months worth of elevator maintenance on the Geary Plaza Building and has not been paid.

35. The reasonable value of TKE's services on the Geary Plaza Building total $3,935.62.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $3,935.62 plus costs.

## COUNT V – BREACH OF CONTRACT
### (The Union Building Contract)

36. TKE repeats and realleges paragraphs 1-35 above as though fully set forth herein.

37. In October, 2007, TKE and Riggs entered into a Gold Maintenance Agreement (the "Union Agreement") for elevator maintenance services at the Union Building, Charleston, WV (the "Union Building"). *See Union Building Agreement; Ex. E.*

38. Pursuant to the Union Agreement, TKE promised to perform periodic elevator maintenance on two elevators located at the Building in exchange for Riggs paying $1,300 per month subject to annual price adjustment. *Id.*, p. 4.

39. The Union Agreement was ten years commencing October 1, 2007 and expiring October 1, 2017 and provided for automatic ten-year renewal periods subject to 90 days written notice of termination. *Id.*

40. The Union Agreement provides that invoices submitted by TKE shall be paid within sixty (60) days, accelerate payments through the end of the term, recover interest at the rate of 1.5% per month on overdue invoices and recover its attorneys fees and costs incurred in enforcing its rights under the Agreement. *Id.,* p. 4.

41. TKE performed elevator maintenance on the Union Agreement elevators from the inception through March, 2012. TKE ceased performing elevator maintenance after Riggs failed to pay TKE's invoices from January, 2011 – March, 2012. *See Union Invoices; Grp. Ex. F.*

42. Invoices were due when rendered. Riggs breached the Union Agreement by failing to pay TKE's invoices from January 2011 – March 2012.

43. As a consequence of Riggs' breach, TKE has sustained damages of $22,286.61. *See Grp. Ex. F.*

44. In addition, TKE's lost profits through the October 1, 2017 contract expiration date total $40,491 based on TKE's 40% profit rate for similar contracts.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $62,777.61 plus costs and attorneys' fees and annual interest at the rate of 18% or the maximum percentage rate allowed by applicable state law measured from February 1, 2011 – present.

### COUNT VI – QUANTUM MERUIT
**(Union Building – Alternative to Count V)**

45. TKE repeats and realleges paragraphs 1-44 above as though fully set forth herein.

46. TKE performed elevator maintenance services on the Union Building from October, 2007 through March, 2012.

47. TKE performed elevator maintenance services for Riggs' (the building's owner) benefit under circumstances in which TKE should be compensated.

48. Riggs accepted and benefitted from TKE's elevator maintenance services on the Union Building.

49. TKE performed several months worth of elevator maintenance on the Union Building and has not been paid.

50. The reasonable value of TKE's services on the Union Building total $22,286.61.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $22,286.61 plus costs.

## COUNT VII – BREACH OF CONTRACT
### (Security Building Agreement)

51. TKE repeats and realleges paragraphs 1-50 above as though fully set forth herein.

52. In October, 2007, TKE and Riggs entered into a Gold Maintenance Agreement (the "Security Building Agreement") for elevator maintenance services at the Security Building, Charleston, WV (the "Security Building"). *See Security Building Agreement; Ex. G.*

53. Pursuant to the Security Building Agreement, TKE promised to perform periodic elevator maintenance on two elevators located at the Building in exchange for Riggs paying $1,500 per month subject to annual price adjustment. *Id.*, p. 4.

54. The Security Building Agreement term was ten years commencing October 1, 2007 and expiring October 1, 2017 and provided for automatic ten-year renewal periods subject to 90 days written notice of termination. *Id.*

55. The Security Building Agreement provides that invoices submitted by TKE shall be paid within sixty (60) days, accelerate payments through the end of the term, recover interest at the rate of 1.5% per month on overdue invoices and recover its attorneys fees and costs incurred in enforcing its rights under the Agreement. *Id.,* p. 4.

56. TKE performed elevator maintenance on the Union Agreement elevators from the inception through December 2011. TKE ceased performing elevator maintenance after Riggs failed to pay TKE's invoices from January 2011 – December 2011. *See Security Building Invoices; Grp. Ex. H.*

57. Invoices were due when rendered. Riggs breached the Security Building Agreement by failing to pay TKE's invoices from January 2011 – December 2011.

58. As a consequence of Riggs' breach, TKE has sustained damages of $20,999.32. *See Grp. Ex. H.*

59. In addition, TKE's lost profits through the October 1, 2017 contract expiration date total $49,534.80 based on TKE's 40% profit rate for similar contracts.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $70,534.12 plus costs and attorneys' fees and interest at the annual rate of 18% or the maximum percentage rate allowed by applicable state law measured from February 1, 2011 – present.

## COUNT VIII – QUANTUM MERUIT
### (Security Building – Alternative to Count VII)

60. TKE repeats and realleges paragraphs 1-59 above as though fully set forth herein.

61. TKE performed elevator maintenance services on the Security Building – Charleston, WV from October, 2007 through December 2011.

62. TKE performed elevator maintenance services for Riggs' (the building's owner) benefit under circumstances in which TKE should be compensated.

63. Riggs accepted and benefitted from TKE's elevator maintenance services on the Security Building.

64. TKE performed several months worth of elevator maintenance on the Security Building and has not been paid.

65. The reasonable value of TKE's services on the Security Building total $20,999.32.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $20,999.32 plus costs.

## COUNT IX – BREACH OF CONTRACT
### (Medical Arts Building Agreement)

66. TKE repeats and realleges paragraphs 1-65 above as though fully set forth herein.

67. In October, 2007, TKE and Riggs entered into a Gold Maintenance Agreement (the "Medical Arts Agreement") for elevator maintenance services at the Medical Arts Building, Charleston, WV (the "Medical Arts Building"). *See Medical Arts Agreement; Ex. I.*

68. Pursuant to the Medical Arts Agreement, TKE promised to perform periodic elevator maintenance on one elevator located at the Building in exchange for Riggs paying $225 per month subject to annual price adjustment. *Id.*, p. 4.

69. The Medical Arts Agreement term was ten years commencing October 1, 2007 and expiring October 1, 2017 and provided for automatic ten-year renewal periods subject to 90 days written notice of termination. *Id.*

70. The Medical Arts Agreement provides that invoices submitted by TKE shall be paid within sixty (60) days, accelerate payments through the end of the term, recover interest at the rate of 1.5% per month on overdue invoices and recover its attorney's fees and costs incurred in enforcing its rights under the Agreement. *Id.*, p. 4.

71. TKE performed elevator maintenance on the Medical Arts Building elevators from the inception through February 2012. TKE ceased performing elevator maintenance after Riggs failed to pay TKE's invoices from January 2011 – February 2012. *See Medical Arts Invoices; Grp. Ex. J.*

72. Invoices were due when rendered. Riggs breached the Medical Arts Agreement by failing to pay TKE's invoices from January 2011 – February 2012. *See Grp. Ex. J.*

73. As a consequence of Riggs' breach, TKE has sustained damages of $3,546.93. *See Grp. Ex. J.*

74. In addition, TKE's lost profits through the October 1, 2017 contract expiration date total $7,008.54 based on TKE's 40% profit rate for similar contracts.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $10,555.47 plus costs and attorneys' fees and interest at the rate of 18% or the maximum percentage rate allowed by applicable state law from February 1, 2011 - present.

**COUNT X – QUANTUM MERUIT**
**(Medical Arts Building – Alternative to Count IX)**

75. TKE repeats and realleges paragraphs 1-74 above as though fully set forth herein.

76. TKE performed elevator maintenance services on the Medical Arts Building – Charleston, WV from October, 2007 through February 2012.

77. TKE performed elevator maintenance services for Riggs' (the building's owner) benefit under circumstances in which TKE should be compensated.

78. Riggs accepted and benefitted from TKE's elevator maintenance services on the Medical Arts Building.

79. TKE performed several months worth of elevator maintenance on the Medical Arts Building and has not been paid.

80. The reasonable value of TKE's services on the Medical Arts Building total $3,546.93

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $3,546.93 plus costs.

**COUNT XI – BREACH OF CONTRACT**
**(Atlas Building Agreement)**

81. TKE repeats and realleges paragraphs 1-80 above as though fully set forth herein.

82. In October, 2007, TKE and Riggs entered into a Gold Maintenance Agreement (the "Atlas Building Agreement") for elevator maintenance services at the Atlas Building, Charleston, WV (the "Atlas Building"). *See Atlas Building Agreement; Ex. K.*

83. Pursuant to the Atlas Building Agreement, TKE promised to perform periodic elevator maintenance on two elevators located at the Building in exchange for Riggs paying $1,450 per month subject to annual price adjustment. *Id.*, p. 4.

84. The Atlas Building Agreement term was ten years commencing October 1, 2007 and expiring October 1, 2017 and provided for automatic ten-year renewal periods subject to 90 days written notice of termination. *Id.*

85. The Atlas Building Agreement provides that invoices submitted by TKE shall be paid within sixty (60) days, accelerate payments through the end of the term, recover interest at the rate of 1.5% per month on overdue invoices and recover its attorneys fees and costs incurred in enforcing its rights under the Agreement. *Id.,* p. 4.

86. TKE performed elevator maintenance on the Atlas Building elevators from the inception through November 2011. TKE ceased performing elevator maintenance after Riggs failed to pay TKE's invoices from January 2011 – November 2011. *See Atlas Invoices; Grp. Ex. L.*

87. Invoices were due when rendered. Riggs breached the Atlas Building Agreement by failing to pay TKE's invoices from January 2011 – November 2011.

88. As a consequence of Riggs' breach, TKE has sustained damages of $18,015.30. *See Grp. Ex. L.*

89. In addition, TKE's lost profits through the October 1, 2017 contract expiration date total $47,900 based on TKE's 40% profit rate for similar contracts.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $65,915.60 plus costs and attorneys' fees and interest at the rate of

18% or the maximum percentage rate allowed by applicable state law from February 1, 2011 - present.

## COUNT XII – QUANTUM MERUIT
### (Atlas Building – Alternative to Count XI)

90. TKE repeats and realleges paragraphs 1-89 above as though fully set forth herein.

91. TKE performed elevator maintenance services on the Atlas Building – Charleston, WV from October, 2007 through November 2011.

92. TKE performed elevator maintenance services for Riggs' (the building's owner) benefit under circumstances in which TKE should be compensated.

93. Riggs accepted and benefitted from TKE's elevator maintenance services on the Atlas Building.

94. TKE performed several months' worth of elevator maintenance on the Atlas Building and has not been paid.

95. The reasonable value of TKE's services on the Atlas Building totals $18,015.30.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, the Riggs Corporation, for $18,015.30 plus costs.

## COUNT XIII – BREACH OF CONTRACT
### (Boulevard Towers Repair Contract)

96. TKE repeats and realleges paragraphs 1-95 above as though fully set forth herein.

97. In July, 2011, TKE and Riggs entered into a repair contract pursuant to which Riggs asked TKE to repair a downed elevator.

98. TKE promised to repair the elevator in exchange for Riggs paying TKE its labor and materials costs.

99. TKE performed the requested repairs in July, 2011 and submitted an invoice to Riggs for $1,019.93.  *See Invoice; Ex. M.*

100. The invoice for the work performed under the repair contract was due when rendered.  Riggs breached the repair contract by failing to pay TKE's invoice.

101. As a consequence of Riggs' breach, TKE has sustained damages of $1,019.93 for repairs it performed in July, 2011 on the Boulevard Towers building.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $1,019.93 plus costs and prejudgment interest at the rate of 7% pursuant to Code Section 56-6-31 measured from August 15, 2011 - present.

## COUNT XV – QUANTUM MERUIT
### (Boulevard Towers - Alternative to Count XIII)

102. TKE repeats and realleges paragraphs 1-101 above as though fully set forth herein.

103. TKE performed elevator repairs on the Boulevard Towers Building – Charleston, WV in July, 2011.

104. TKE performed the repairs for Riggs' (the building's owner) benefit under circumstances in which TKE should be compensated.

105. Riggs accepted and benefitted from TKE's elevator repair services on the Boulevard Towers Building.

106. The reasonable value of TKE's repair services on the Boulevard Towers Building totals $1,019.93.

WHEREFORE, Plaintiff, TKE, requests judgment in its favor and against Defendant, Riggs, for $1,019.93 plus costs.


**THYSSENKRUPP ELEVATOR CORPORATION**

*BY COUNSEL*

/s/ *Curtis R. A. Capehart*
Robert M. Stonestreet, Esq. (WVSB #9370)
Curtis R. A. Capehart, Esq. (WVSB #9876)
Dinsmore & Shohl LLP
P.O. Box 11887
Huntington Square, 900 Lee Street, Suite 600
Charleston, WV 25301
(304) 357-0900 telephone
(304) 357-0919 fax
robert.stonestreet@dinsmore.com
curtis.capehart@dinsmore.com
    *Counsel for Plaintiff*